## ALBERT SOWLES *v.* WELDEN NATIONÀL BANK.

*Stock-wagering. Assumpsit. Common Counts.*

The plaintiff cannot recover of the defendant money paid in pursuance and satisfaction of illegal stock-wagering transactions to which both were parties.

Assumpsit for money had and received. Pleà, the general issue. Trial by court at the April Term, 1888, Veazey, J., presiding. Judgment for the defendant. Exceptions by the plaintiff. The case appears in the opinion.

*H. C. Adams* and *Wilson & Hall,* for the plaintiff.

This was a wagering contract, and illegal. *Seward* v. *Garlin,* 33 Vt. 583; *Cobb* v. *Preel,* 15 Fed. Rep. 774; *Mutual Ins. Co.* v. *Watson, Admx.,* 30 Fed. Rep. 653; *Bryant* v. *Western Union Telg. Co.,* 17 Fed. Rep. 825.

The money being in transit can be recovered from the bank. *Tarleton* v. *Baker,* 18 Vt. 9; 18 Rep. 86; *Morgan* v. *Beaumont,* 121 Mass. 7, and cases cited; *White* v. *Franklin Bank,* 22 Pick. 181.

*Henry Ballard* and *Guy C. Noble,* for the defendant.

The bank in no way stands affected by the nature of the transactions between the plaintiff and the stock exchange, since it did not know what the nature of those transactions was.

If the transaction between the plaintiff and the exchange was a legal one, clearly the defendant is not liable. The rule seems to be that a contract for future delivery is valid unless both parties intend that there shall be no delivery. *North* v. *Phillips,* 89 Pa. 256; *Clay* v. *Allen,* 63 Miss. 426.

If upon the contrary the transaction was an illegal one the plaintiff is even worse off. The bank stood for the exchange, and a payment to it was in effect a payment to the exchange. The plaintiff has bet and lost, and the stakes have gone into the

hands of the winning party, and they cannot be recovered by the loser. *Collamer* v. *Day*, 2 Vt. 144; *Tarleton* v. *Baker*, 18 Vt. 9; *West* v. *Holmes*, 26 Vt. 530; *Danforth* v. *Evans*, 16 Vt. 538; *Nellis* v. *Clark*, 20 Wend. 24.

The case does not fall within the provisions of R. L. s. 4310, as that only applies to money lost at some game of skill or chance. *West* v. *Holmes, supra*.

The opinion of the court was delivered by

Royce, Ch. J. This suit was brought to recover money which it is claimed was paid to the defendant upon a wagering contract between the Public Grain and Stock Exchange, in the city of New York, and its customers. The Public Grain and Stock Exchange were dealers in stocks, and in 1886 they made an arrangement with the plaintiff by which he was to act for them in the sale of stocks, and was to have a certain commission upon what he might sell. They at the same time opened an account with the defendant, and it was a part of the arrangement made with the plaintiff, that upon the receipt of every order for ten shares of stock he should deposit in the defendant bank to the credit of said exchange ten dollars. In pursuance of that arrangement the plaintiff procured large orders for stock, forwarded them to the exchange and made the deposits as required by said arrangement in the defendant bank, and it is found that the bank stood for said company, and that the deposits by the plaintiff were as payments to the company. That of the amount so paid to the plaintiff $467.50 was on trades or orders of his own, and the rest was on orders of customers. The bank opened and kept the account with the company the same as with any other depositor, and knew in a general way that the plaintiff and said company were engaged in stock transactions, but did not know their nature or character. Many other facts appear in the record descriptive of the way and manner in which the business was carried on, and from them it is claimed by the plaintiff that the court should find that it was illegal, and by the defendant that it was legal. But we do not feel called upon to decide

that question. The bank, as we have seen, stood for the company, and the deposits made by the plaintiff were as payments to the company. They were in legal effect payments to the company, and having been so made, upon the facts found, cannot be recovered back. It has been claimed that the bank was a mere stake-holder, but there are no facts found to justify such a claim. The money held by it was not payable upon any contingency, but absolutely to the company. Conceding that the transactions between the company and its customers were of the character claimed by the plaintiff, betting on the rise and fall of stocks, and so, wagering contracts, and illegal, was the plaintiff's relation to such transactions of such a character that he can in a court of law enforce any claim in his own favor which grew out of and was the result of such transactions? It is found that he was an active participant in, and interested in the business. He was made the agent of the company to procure orders for them, and his compensation was made dependent upon his success in luring people to engage in what he knew to be an illegal business. It was said by Lord Mansfield, in *Holman* v. *Johnson,* Cowper 343, "No court will lend its aid to a man who founds his cause of action upon an immoral or illegal act. If from the plaintiff's own statement, or otherwise, the cause of action appears to arise *ex turpi causa,* or by the transgression of the positive law of the country, then the court says he has no right to be assisted. It is upon that ground the court goes, not for the sake of the defendant, but because they will not lend their aid to such a plaintiff."

In *Petrie* v. *Hanny,* 3 Term Rep. 422, Ch. J. Kenyon said, "It is a rule that those who come into a court of justice to seek redress must come with clean hands, and must disclose a transaction warranted by law." Those rules have ever since been regarded as sound law, and, applying them to the facts shown by the record, the plaintiff would have no legal right to the money which he seeks to recover in this action.

*The judgment is affirmed.*